MARY C. STOW, ETC., *v.* EDWARD CURD, ETC.

**Executors and Administrators—Settlement.**

Statement of manner of charging and crediting an estate in making settlement.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 6, 1873.

RESPONSE BY JUDGE LINDSAY:

In response to the petition by appellants for a modification of the opinion herein rendered December 16, 1872, we state that the responsibility of Thompson's estate to account for one-sixth of the profits realized by him on the sales of land to innocent purchasers, does not turn upon the fact that there was no necessity for the sale to Curd. The fact was alluded to as tending to render more conclusive the presumption that the sale was not made in good faith in the exercise of the power conferred by Sledd's will.

If it had been characterized by good faith, and Thompson had not himself been interested as a purchaser, he would not have incurred liability, although there was no necessity for making it. The one-sixth of the amounts realized by the sales with legal interest thereon is the true criterion of the recovery, and as there is nothing in the record showing that any of the land was sold for less than its actual value at the time, this will place appellants in statu quo and they can ask nothing more.

We are satisfied that, by the opinion, Thompson's estate must be credited with the amount received from Curd and paid out for the benefit of Sledd's devisees in ascertaining the profits for which said estate is to account, as requested by appellees in their petition for a modification. We give the manner in which the account should be stated.

First. Charge Thompson's estate with the one-third of the amount for which each tract of the land sold, with interest from the time the money was paid to him, or the payments became due and commenced bearing interest.

Second. Credit his estate with the $666.66, the amount paid to him by Curd, and allow him interest thereon from the time he charged himself with such sum as the guardian for Seaton Sledd's heirs.

For one-half the amount remaining after deducting the credit so made up, Thompson's estate should account.

In making this settlement due regard should be paid to the manner in which the former settlements of Thompon, as executor, and the auditor's report in this case were made up.

The creditors' report shows upon its face that it is based upon the settlements of Thompson with the Calloway County Court, and

the inventory and sale bills reported by him. None of these papers are in the record; hence we cannot determine whether or not it will be necessary to modify in any particular the basis of settlement herein suggested.

If it be necessary, of course the circuit court will make the necessary modification.

*P. Palmer, for appellants.*

*Bigger, Moss, for appellees.*